Kenneth TURNER *v.* STATE of Arkansas

CR 80-128                    606 S.W. 2d 762
Supreme Court of Arkansas
Opinion delivered November 3, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Deborah Sallings*, Deputy Defender, and *Ray Hartenstein*, Chief Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Kenneth Turner, age 15, was convicted of robbery after a bench trial and was sentenced to the maximum confinement of 20 years. Two of his points for reversal must be discussed.

First, we find no merit in his contention that the charge of robbery should have been reduced to theft of property. On the morning of December 23, 1979, Edna Baker, whose vision was so poor as to amount to legal blindness, and her husband, who also had impaired vision and was crippled and using crutches, were walking slowly to a grocery store to buy a few items to complete a Christmas basket for an underprivileged family. Kenneth, who was identified by eyewitnesses, and two other boys dashed across the street to the couple. Kenneth blocked Mrs. Baker's progress by wedging her shopping basket and demanded her money. When she said she had no money "he jumped at me like a wild animal and said, 'Give me that God damn money.'" She replied, "I will give you my money," and took her billfold from her pocket. Kenneth grabbed her wrist, causing her to release her hold on the billfold, and "just waved" the billfold away. It contained fifteen dollars. He also snatched her rain bonnet out of her pocket, and a second boy grabbed her husband's tobacco can from his hip pocket.

Under the statute a person commits robbery if with the purpose of committing a theft he employs or threatens to employ physical force upon another. Ark. Stat. Ann. § 41-2103 (Repl. 1977). Physical force means any bodily impact, restraint, or confinement, or the threat thereof. § 41-2101. The trial judge could find from the evidence that the defendant restrained the Bakers by obstructing their path and employed physical force upon Mrs. Baker by seizing her wrist with sufficient force to compel her to release the billfold. In view of the near helplessness of the couple, the force exerted

was sufficient to accomplish its purpose and amounted to robbery.

Second, the appellant asserts error in the court's refusal to postpone the imposition of sentence, as requested, in accordance with the Youthful Offender Alternative Service Act of 1975. Ark. Stat. Ann. §§ 43-2339 *et seq.* (Repl. 1977). That act provides that the court, in sentencing specified youthful offenders, may impose certain alternative punishments instead of sending the youth to the penitentiary. The trial judge has discretionary authority under the act in two pertinent respects: One, the offender is eligible for sentencing under the act if "in the opinion of the sentencing trial court" his interests and those of the State would best be served by resort to the act. Two, if it appears to the trial court that the defendant "may be an eligible offender," the court shall postpone the imposition of sentence for not more than 30 days to allow the submission of written reports with regard to the eligibility of the offender for sentencing under the act.

Here it cannot be said that the trial judge exercised his discretion. At the end of the trial the judge sentenced Kenneth to imprisonment for 20 years. When defense counsel asked that the case be passed for 30 days for a presentence report, the prosecutor started to object, saying that for one thing the defendant had an extensive record. The judge ended the matter, as far as the transcript shows, by saying: "I am not interested in his record one way or the other, I have heard all I need to hear." A discussion in chambers followed, but it was not reported and is not before us.

It is evident that the court reached an arbitrary conclusion based only upon the testimony about what was unquestionably a reprehensible crime. The court was evidently not concerned about the possibility that the 15-year-old defendant might be a fit subject for rehabilitation, because the court was not interested in his record "one way or the other." We do not, of course, disturb the trial court's exercise of discretion unless it is abused, but the statute does contemplate that discretion will actually be exercised. We cannot sustain the sentence until that step has been taken.

Affirmed as to the conviction for robbery; reversed and remanded for reconsideration of the sentence.