David A. GARRISON *v.* STATE of Arkansas

CA CR 84-154                           682 S.W.2d 772

Court of Appeals of Arkansas
Division I
Opinion delivered January 16, 1985

*Bob Keeter,* for appellant.

*Steve Clark,* Att'y Gen., by: *Velda P. West,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. Appellant appeals from his jury convictions of breaking and entering, theft of property and criminal mischief in the first degree. He raises four points on appeal, but we find that none of them requires reversal.

First, appellant contends the court erred in denying his motion for new trial because his convictions were based on the uncorroborated testimony of an alleged accomplice. We easily dispose of this contention because this issue was not raised below. *See Gardner* v. *State,* 263 Ark. 739, 569 S.W.2d 74 (1978). Appellant never requested an instruction on accomplice liability nor, in reviewing the record, do we find from the evidence that appellant had an accomplice for the three crimes with which he was convicted.

Second, appellant argues the verdicts were not supported by the evidence and were contrary to the law. This argument is inextricably a part of appellant's first argument. There appellant argued that a Kenny Maddox, Jr. was an accomplice. Maddox also was the State's witness who clearly implicated appellant as the one who had committed the crimes. Because appellant and the evidence failed to show Maddox an accomplice, Maddox's testimony alone was sufficient to support appellant's convictions. There was, however, other accompanying evidence which aids in sustaining the verdicts. On December 5th or 6th of 1982, an Ed McCormick's house was broken into and considerable damage ($8,000 to $9,000) was done to its interior. In addition, McCormick said that he was missing a .243 Winchester rifle with a scope, two silver trophies and a full one-half gallon of vodka. He testified that prior to the

incident, appellant had threatened, cursed and harassed him because he had dated appellant's former wife.

Kenny Maddox, Jr., testified that appellant admitted to him that he had entered McCormick's house through its back window and after entering, had "pulled drawers out, put bleach on the furniture, busted eggs and stuff, poured catsup around the house, busted his t.v. and stereo." Maddox further stated appellant said that he had taken a .243 rifle, a bottle of vodka and a trophy which appellant said he threw in a creek. Maddox's father testified the appellant attempted to sell him a .243 rifle with a scope which Mr. Maddox, Sr., described as a Remington make. However, in a prior statement given the police, Mr. Maddox, Sr., described the rifle as a ".243 caliber Winchester with a scope." We believe the foregoing testimonies substantially support appellant's convictions and the evidence is clearly consistent with the crimes for which he was found guilty.

Appellant's third point for reversal reveals other evidence which tends to connect appellant with the theft of McCormick's .243 caliber rifle. A deputy sheriff, Jimmie Jacobs, testified that pursuant to appellant's written consent, he searched appellant's automobile and found a .243 caliber shell in the trunk. Appellant urges, however, this testimony and the shell should have been suppressed because the State could not produce the consent form appellant allegedly signed. We cannot agree. Appellant made his motion to suppress for the first time at trial, arguing that he had been assured by the State that a consent form had been freely and voluntarily executed and that he did not know it was unavailable until Jacobs testified at trial. Rule 16.2 of the Rules of Criminal Procedure requires a motion to suppress to be filed not later than ten days before the date of trial, although the trial court may otherwise entertain such a motion for good cause. Here, appellant filed a pre-trial discovery motion to which the State responded by stating its files were open for inspection. The State specifically answered that appellant could inspect all statements he had made and any written waivers he allegedly had signed while he was under arrest. If appellant had diligently inspected the files and requested the whereabouts of the

consent form, he would have known well in advance of the trial that the form was missing. As we have stated before, a defendant in a criminal case cannot rely upon discovery as a total substitute for his own investigation. *Robinson* v. *State,* 7 Ark. App. 209, 646 S.W.2d 714 (1983).

Even if appellant had filed a timely Motion to Suppress, his argument would be of no avail. In *Scroggins* v. *State,* 268 Ark. 261, 595 S.W.2d 219 (1980), the Supreme Court upheld the validity of an automobile search based upon an officer's *uncontradicted* statement that Scroggins orally and voluntarily gave his consent to search his vehicle. Here, Deputy Sheriff Jacobs, Patrolman Charlie Edmonson and Jailer Harold Webb all testified without contradiction that appellant had signed a written consent form allowing his vehicle to be searched. They merely said that none of them could find the executed form. Based upon the Court's holding in *Scroggins,* we hold these three officers' uncontradicted statements met the State's burden of proving by clear and positive testimony that the consent to search was freely and voluntarily given without actual or implied duress or coercion.

Appellant's final argument is the trial court erred in refusing to allow appellant to be sentenced under Ark. Stat. Ann. §§ 43-2339 *et seq.,* the "Alternative Service Act."[1] As was pointed out in *Haynes* v. *State,* 269 Ark. 506, 602 S.W.2d 599 (1980), this Act is discretionary. An eligible offender under the Act is defined in relevant part as follows:

"Eligible Offender" means any person convicted of a felony offense, other than a capital felony offense, or murder in the first degree, murder in the second degree, first degree rape or kidnapping, or aggravated robbery and who has never been previously convicted of a felony offense, and whose interests, and the interests of the State, *in the opinion of the sentencing trial court,* could be [better] served by diversion under the provisions of this Act than by sentencing under other applicable penalty provisions established by law.

---

[1]Prior to 1983, this Act was previously known as the "Youthful Offender Alternative Service Act of 1975."

> Those persons under the age of twenty-six (26) years at the time of the commission of a felony offense, other than a capital felony offense, or murder in the first degree, murder in the second degree, first degree rape or kidnapping, or aggravated robbery for which they are convicted shall still be "Eligible Offenders" under this Act if they had one (1) previous felony conviction other than a conviction for a capital felony offense, or murder in the first degree, murder in the second degree, first degree rape or kidnapping or aggravated robbery.

Ark. Stat. Ann. § 43-2340(f) (Supp. 1983) (emphasis supplied). Under the Act, the trial court must determine if any convicted person may be an eligible offender as defined in § 43-2340(f), *supra; see also* Ark. Stat. Ann. § 43-2342 (Supp. 1983). As noted in *Turner* v. *State,* 270 Ark. 969, 606 S.W.2d 762 (1980), the trial judge has discretionary authority under the Act in two pertinent respects: one, the offender is eligible for sentencing under the Act if "in the opinion of the sentencing trial court" his interests and those of the State would best be served by resorting to the Act. Two, if it appears to the trial court that the defendant "may be an eligible offender," the court shall postpone the imposition of sentence for not more than 30 days to allow the submission of written reports with regard to the eligibility of the offender for sentencing under the Act. *See also Barnes* v. *State,* 4 Ark. App. 84, 628 S.W.2d 334 (1982).

In the instant case, the trial judge simply found that the State's interests would not be served by resorting to alternative sentencing under the Act. Appellant was convicted of breaking and entering, theft of property and first degree criminal mischief and these crimes involved what the Judge described as "one of the most horrible situations I have heard." Appellant also had been recently convicted of harassment which, considering the magnitude of the threats made and damages caused by appellant in this case, prompted the judge to state:

> I believe, Mr. Garrison, you need someone to kind of keep an eye on you a little bit. . . . Normally, I would grant such . . . request[s], [alternative and concurrent

sentencing] . . . but I believe you deserve a little extra attention. I believe that the people of this county are entitled to their peace and quiet and I don't know what your problem is but I think you need to devote some time to trying to solve it somehow.

From the judge's remarks, he clearly considered whether appellant was an eligible offender under the Act and decided he was not. Based upon the record before us, we cannot say he erred.

Affirmed.

CORBIN and MAYFIELD, JJ., agree.