Robert E. SAUNDERS, and Gloria L. Saunders, d/b/a
Royal Coach Car Wash *v.* George O. KLEIER, Tom
Tucker, Irene Tucker, and Mark Tucker, d/b/a Mark
Tucker Enterprises

88-20                                          751 S.W.2d 343

Supreme Court of Arkansas
Opinion delivered June 13, 1988

*Phillip J. Taylor*, for appellants.

*Taylor & Vandergriff*, by: *David B. Vandergriff*, for appellee George O. Kleier.

*Matthew Horan*, for appellee Tom Tucker.

JACK HOLT, JR., Chief Justice. The appellants, Robert and Gloria Saunders, garnishees below, bring this appeal from an order of the circuit court dismissing with prejudice their petition to interplead funds and their related request for attorney's fees. The Saunderses contend that the court abused its discretion in denying attorney's fees and that the interpleader action should not have been dismissed without a hearing. It is also argued that the default judgment entered against the debtor was improper, as was the clerk's disbursement of the garnished monies without written order of the court. We find no error and affirm.

Separate appellee George O. Kleier filed suit against appellees Tom and Irene Tucker for failure to pay the final month's rent on a lease. Irene Tucker answered and defended; Tom Tucker did not. Kleier filed a motion for summary judgment against Irene Tucker which also alleged that Tom Tucker was in default. Irene Tucker responded by filing an affidavit asserting that the final month's rent had been paid in full. The court denied the summary judgment motion, but entered a default judgment against defendant Tom Tucker.

Kleier then obtained a writ of garnishment against the Saunderses. Their response to the writ admitted that they were indebted to Tom Tucker in the amount of $26,420.00. The court entered an order directing that the Saunderses pay Kleier (by deposit with the court) the amount of the default judgment against Tom Tucker.

The Saunderses made the first payment and notified Tom Tucker of that fact. Tucker responded that he had assigned the debt to Mark Tucker d/b/a Mark Tucker Enterprises, but nonetheless claimed a right to the monies deposited with the court as he had not received notice of the garnishment and suggested that the Saunderses not pay additional monies into the registry of the court unless served with a second writ of garnishment. Tucker also filed a motion to quash the garnishment.

As a result of these entanglements, the Saunderses filed an interpleader action asking the court for a determination as to whom the Saunderses should pay and that they be awarded attorney's fees. Without holding a hearing, the court dismissed the Saunders's interpleader action without prejudice and denied the motion for attorney's fees and Tucker's motion to quash. Thereafter, the garnishor, Kleier, informed the court that the judgment had been satisfied and that he wanted to dismiss with prejudice his suit against Irene Tucker. The court entered an order simultaneously dismissing with prejudice Kleier's suit and the Saunders's interpleader action and request for attorney's fees. From that order comes this appeal.

As authority for their position that it was an abuse of discretion to deny attorney's fees, the Saunderses rely upon the reporter's note to Rule 22 of the Arkansas Rules of Civil Procedure. Rule 22 governs interpleader actions. The reporter's note points out that our rule is identical to the federal rule and cites *Gulf Oil Corporation* v. *Oliver*, 412 F.2d 938 (5th Cir. 1969), for the proposition that the grant or denial of attorney's fees in interpleader actions is within the sound discretion of the court — which the Saunderses contend was not properly exercised under the facts of this case.

Our general rule relating to attorney's fees is well established; attorney's fees are not allowed except when "expressly" provided for by statute. *Damron* v. *University Estates*, 295 Ark. 533, 750 S.W.2d 402 (1988); *Harper* v. *Wheatley Implement Co.*, 278 Ark. 27, 643 S.W.2d 537 (1982). While we recognize that our former statute governing interpleader actions, Ark. Stat. Ann. § 27-816 (Repl. 1962), provided for the recovery of attorney's fees, that statute was specifically superseded by Rule 22, which does not provide or even mention recovery of legal expenses. In light of our general rule, we find no error in the court's denial of appellants' request for attorney's fees.

We do not find it necessary to reach the merits of the remaining arguments because they have been rendered moot. The sole objective of the Saunders's interpleader action was to have the court determine whether monies owed by the Saunderses should be paid to Tucker by virtue of the debt, to Kleier by way of the garnishment, or to Mark Tucker d/b/a Mark Tucker

Enterprises pursuant to the assignment from Tom Tucker. Subsequent to the filing of the interpleader action, the garnishor informed the court that the monies deposited into the court registry by the Saunderses had satisfied the judgment, which resulted in dismissal with prejudice of his cause of action against the other defendant. Accordingly, the Saunderses have been discharged from liability as to either party in the amount of the judgment entered against Tom Tucker. *See generally* Ark. Code Ann. § 16-110-129 (1987). The purpose of the interpleader action has been accomplished.

It is the duty of this court to decide actual controversies by a judgment which can be carried into effect and not to give opinions upon abstract propositions or to declare principles of law which cannot affect the matter in issue in the case at bar. *Kays* v. *Boyd*, 145 Ark. 303, 224 S.W. 617 (1920). Because we find that appellants' remaining complaints of error have been rendered moot by payment and satisfaction of the judgment in question, we affirm the trial court in all respects.

Affirmed.

GLAZE, J., concurs.