Patrick Joseph QUINN, Jr. *v.* STATE of Arkansas

CA CR 87-201                                   751 S.W.2d 363

Court of Appeals of Arkansas
En Banc
Opinion delivered June 15, 1988

34

*Wilson, Engstrom, Corum & Dudley*, by: *Wm. R. Wilson, Jr.*, and *Gary D. Corum*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted by a jury of manslaughter and was sentenced to seven years in the Arkansas Department of Correction. On appeal he argues three points: that the trial court failed to exercise its discretion in determining whether the appellant should be sentenced under the Alternative Service Act, Ark. Stat. Ann. § 43-2339 et seq. (Supp. 1977) [Ark. Code Ann. § 16-93-501 et seq. (1987)]; in the alternative, if this Court finds that the trial court did exercise its discretion, the trial court abused its discretion in refusing to sentence the appellant according to the Act; and that this Court should modify the appellant's sentence because the trial court's sentencing procedure was erroneous. We find that the trial court

did err in failing to exercise its discretion.

The appellant was charged with first degree murder after he shot and killed his roommate, Rusty Powell. After a trial on February 25, 1987, the jury returned a verdict of guilty on the lesser included offense of manslaughter. According to the record, at the time of the shooting the appellant was nineteen years old and had no previous criminal convictions.

On March 2, 1987, the appellant's attorney informed the prosecuting attorney that he intended to request sentencing under the Act, and, according to the defense attorney, the prosecutor stated that he had no objections. The appellant's attorney also spoke with the trial court's docket coordinator and informed her that he had several requests concerning sentencing.

The appellant's attorney then tried to get a blank judgment and commitment form so that he could prepare it. After several requests to the prosecutor's office, the appellant's attorney received a blank form on March 31. The appellant's attorney learned the next day that an order had been prepared by the prosecutor and submitted to the trial court. On April 3, 1987, a motion was filed requesting that the appellant be sentenced according to the Act and a hearing was scheduled (apparently by the docket coordinator) for April 17.

On April 10, the appellant's attorney learned that the appellant had been transferred from the Faulkner County Jail to the Arkansas Department of Correction. The record reflects that the judgment and commitment order was filed April 8. The appellant's attorney then filed a motion on April 16, requesting that the appellant be present for the hearing on April 17.

At the hearing, the trial court stated that it had continued the hearing because the prosecutor had not yet responded to the motion filed the previous day. Later, the appellant's attorney asked about a new hearing date. In response the trial court stated that he thought he had lost jurisdiction of the case and any relief would have to come from the Arkansas Department of Correction.

It is the appellant's contention that Ark. Stat. Ann. § 43-2342 (Repl. 1977) [Ark. Code Ann. § 16-93-507 (1987)] requires the trial court to exercise its discretion when considering

whether to apply the Act and failure to do so is error. We agree.

■ We will not disturb a trial court's exercise of discretion unless it is abused, but the statute does contemplate that discretion will actually be exercised. We cannot sustain the sentence until that step has been taken. *Turner* v. *State*, 270 Ark. 969, 606 S.W.2d 762 (1980). We think that it is evident that the trial court did not exercise any discretion in this case because the order was entered prior to the scheduled hearing on the issue.

■ The State argues the trial court lost jurisdiction of the case once the judgment and commitment order had been entered and the appellant remanded to the custody of the Arkansas Department of Correction. A trial court cannot alter a valid sentence once it has been put into execution, and the issuance of a commitment puts the sentence into execution, *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987). However, we hold that the trial court erred in signing the commitment without exercising its discretion, especially in light of the fact that a hearing had been scheduled on the sentencing issue raised by the appellant.

■ . We need not consider the appellant's alternative argument that the trial court abused its discretion in declining to sentence under the Act because we have found that the trial court failed to exercise its discretion. Furthermore, we think it would be improper for us to alter the appellant's sentence. The Act plainly states "if it shall appear to the trial court that such person may be an eligible offender . . . ." Clearly, it is the function of the trial court, not the appellate court, to make this determination. We therefore reverse the appellant's sentence and remand for sentencing in accordance with the appropriate statutes.

Reversed and remanded.

JENNINGS, J., concurs.

JOHN E. JENNINGS, Judge, concurring. The Alternative Service Act does not require that a hearing be set when a defendant seeks to be sentenced under the act. *See Barnes* v. *State*, 4 Ark. App. 84, 628 S.W.2d 334 (1982). Nor does the act require the trial judge to explain his reasons for a refusal to sentence under the act, *Barnes, supra*, although it would no doubt be preferable. *Evans* v. *State*, 287 Ark. 136, 697 S.W.2d 879 (1985).

The case must be reversed and remanded only because the record affirmatively suggests a failure to exercise that discretion mandated by the statute. *Turner* v. *State*, 270 Ark. 969, 606 S.W.2d 762 (1980).