BIRDSONG CABINET SHOP, INC. *v.* Ray BLAND and Hazel Bland

91-111                                                   817 S.W.2d 886

Supreme Court of Arkansas
Opinion delivered November 4, 1991

*Robert L. Thacker*, for appellant.

*Dan Stripling*, for appellee.

DONALD L. CORBIN, Justice. On October 16, 1989, Ray and Hazel Bland filed an interpleader action in the Van Buren County Chancery Court seeking to interplead the sum of $11,580.06. This sum represented the contract balance the Blands owed to Linn Perry d/b/a Perry Construction Co. ("Perry") for construction of the Blands' residence in Fairfield Bay.

The Blands filed the interpleader action after learning that Perry had failed to pay various subcontractors, mechanics, materialmen and laborers for work on the Blands' residence. Hoping to avoid the assertion of multiple liens and liability claims by Perry's creditors, the Blands named Perry and fifteen of his unpaid creditors as parties defendant in the interpleader action. Appellant Birdsong Cabinet Shop, Inc. ("Birdsong") was an interpled creditor to whom Perry owed $6,749.00 for Birdsong's construction and installation of cabinets in the Bland residence.

After the Blands filed the bill seeking interpleader on October 16, 1989, appellant Birdsong and the other party defendant creditors asserted cross-claims against co-defendant Perry for the amounts Perry owed to them. Perry admitted that the total sum he owed to his unpaid creditors exceeded the

amount that the Blands sought to interplead, and Perry never asserted a claim to the funds.

On March 22, 1990, the Van Buren County Chancery Court entered a decree granting the Blands' motion for interpleader. At the oral hearing on the interpleader, appellant Birdsong claimed that Birdsong was entitled to priority in the distribution of the interpled funds. Birdsong argued for distribution priority based on its allegation that Birdsong had obtained a prior judgment for $6,949.00 against co-defendant Perry in an earlier Van Buren County Circuit Court proceeding. Birdsong informed the court that on the morning of March 12, prior to the interpleader hearing, Birdsong had obtained a writ of execution from the circuit court commanding the sheriff of Van Buren County to take into his possession funds held by the Chancery Clerk "on behalf of and for the credit of Perry Construction Co."

After hearing Birdsong's allegations, the chancellor stated that he would need briefs on the issue as he was unfamiliar with the law on priorities. Consequently, the chancellor's decree reflected that the priorities issue would remain open pending submission of briefs, and further ordered the chancery clerk to hold the interpled funds pending future orders of the court.

The chancellor entered a final order in the interpleader action on October 22, 1990. This order denied Birdsong's motion for priority, and decreed that the interpled funds should be distributed on a pro-rata basis to Perry's co-defendant unpaid creditors. The decree also awarded the creditors deficiency judgments plus post judgment interest against co-defendant Perry. Finally, the decree awarded attorney's fees totalling $750.00 to co-defendant Perry's attorney. Provision for the attorney's fees was as follows: $500.00 payable out of the interpled funds prior to distribution, and $250.00 payable specifically from Birdsong's pro-rata share of the funds.

Appellant Birdsong challenges the chancellor's decree on two grounds. First, appellant alleges that the chancellor erred in not according Birdsong the distribution priority of a lien creditor. Second, appellant argues that the chancellor erred in awarding attorney's fees to co-defendant Perry's attorney because Perry was not a successful party in the interpleader action. We affirm the chancellor's pro-rata distribution of the interpled funds, and

reverse the award of attorney's fees to Perry's attorney.

Appellant Birdsong argues for priority based on the writ of execution Birdsong obtained on its prior judgment against Perry. However, Birdsong's attorney did not raise the priority issue until the March 12, 1990 oral hearing on the interpleader action. At that time, Birdsong's attorney orally informed the chancellor of Birdsong's judgment and writ of execution. Birdsong did not attempt to enter into the record either the judgment or writ of execution.

After the chancellor informed present counsel that he would need briefs on the priorities issue, Birdsong's attorney specifically stated, "I'll state on the record, Your Honor, that we — if you rule against us on this priority issue, then we have no problem with the settlement. We'll agree with the settlement and with the payout period." At the close of the hearing, the chancellor requested that present counsel stipulate the facts into the record and into the briefs on the priority issue. The record reflects no such stipulation.

At the final hearing on October 22, 1990, the chancellor ruled that the interpled funds should be distributed pro rata among the co-defendant unpaid creditors. Birdsong did not object to the chancellor's ruling and again failed to introduce into the record its prior judgment or writ of execution. Nor did Birdsong call any witnesses or introduce any evidence regarding Birdsong's lien claim or the claims of the other co-defendant unpaid creditors. In fact, the other defendants agreed to a settlement providing for pro-rata distribution of the interpled funds.

■ Our review of the record indicates that appellant Birdsong did not introduce any evidence to support its priority claim. We further believe Birdsong waived its objection to a pro-rata distribution by expressing its consent to the settlement at the March 12 hearing. Consequently, we affirm the chancellor's pro-rata distribution of the interpled funds. *See Arizona Public Service Co.* v. *Lamb*, 84 Ariz. 314, 327 P.2d 998 (1958) (affirming a pro-rata distribution of interpled funds to unpaid co-defendant creditors).

Appellant's second allegation of error challenges the chancellor's award of attorney's fees in the interpleader action to John Aldworth, co-defendant Perry's attorney. We reverse this award.

■ In *Saunders* v. *Kleier*, 296 Ark. 25, 751 S.W.2d 343 (1988), we specifically addressed the issue of attorney's fees in interpleader actions. After noting that ARCP Rule 22, the rule governing interpleader, does not even mention the issue of attorney's fees, we affirmed the denial of attorney's fees based on our general rule that attorney's fees are not allowed except when expressly provided for by statute. *Saunders, supra.* We apply the same rationale in the instant case to find that the chancellor had no authority under Rule 22 to award attorney's fees to co-defendant Perry's attorney.

Perry's attorney relied on the attorney's lien statute, Ark. Code Ann. § 16-22-304 (Supp. 1989), in arguing that he should be entitled to attorney's fees. We likewise find no authority under this statute for an award of attorney's fees.

Section 16-22-304 provides in pertinent part:

(a)(1)  From and after service upon the adverse party of a written notice signed by the client and by the attorney at law, . . . the attorney at law, . . . shall have a lien upon his client's cause of action, claim, or counter-claim, which attaches to any settlement, verdict, report, decision, judgment, or final order *in his client's favor*, and the proceeds thereof[.] [Emphasis supplied.]

■ In the instant case, co-defendant Perry did not receive a verdict in his favor in the interpleader action. Rather, the final decree ordered distribution of the interpled fund among Perry's co-defendant unpaid creditors. As Perry did not receive any portion of this fund, no judgment exists on which his attorney may attach a lien. Consequently, we reverse the chancellor's award of attorney's fees to Perry's attorney.

Affirmed in part and reversed in part.

BROWN, J., not participating.