Michael BEASLEY *v.* STATE of Arkansas

CA CR 93-998                                            885 S.W.2d 906

Court of Appeals of Arkansas
Division II
Opinion delivered October 26, 1994

*Robert Meurer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a bench trial of driving while intoxicated, first offense. He was sentenced to one day in jail, ordered to serve ten hours of community service, fined $250.00 plus court costs and ordered to attend DWI school. On appeal, he argues that his conviction must be reversed and dismissed pursuant to the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article 2, Section 8 of the Arkansas Constitution. We disagree and affirm.

On September 27, 1992, the appellant was arrested and charged with DWI in violation of Ark. Code Ann. § 5-65-103 (Repl. 1993) and hazardous driving in violation of Stuttgart Municipal Ordinance No. 1016. The appellant entered a guilty plea to the hazardous driving charge in the Stuttgart Municipal Court prior to his trial in that court for DWI. Upon being found guilty of DWI in municipal court, the appellant appealed his conviction to the Arkansas County Circuit Court for a trial *de novo*. Prior to his trial in circuit court, the appellant made a motion to dismiss the DWI charge on double jeopardy grounds that was denied by the trial court.

At trial, Keith Conner, an officer with the Stuttgart Police

Department, testified that on September 27, 1992, he observed the appellant drive at a high rate of speed and cross the double yellow line. He stated that he stopped the appellant for hazardous driving due to the unsafe manner in which he was driving. Officer Conner further testified that he arrested the appellant for DWI after he noticed the odor of intoxicants about his person and administered field sobriety tests which the appellant failed. The appellant subsequently took a breathalyzer test that showed his blood alcohol level to be .21 percent.

The appellant argues that the trial court erred in failing to dismiss the DWI charge because the State relied on conduct for which he had already been prosecuted to establish that the appellant was driving while intoxicated. The United States and Arkansas Constitutions both prohibit placing a person twice in jeopardy for the same offense. U.S. Const. amend. V; Ark. Const. art. 2, § 8. This protection applies both to successive punishments and to successive prosecutions for the same criminal offense. *United States* v. *Dixon*, 113 S. Ct. 2849 (1993). In both these contexts, the United States Supreme Court has concluded that the double jeopardy bar applies when the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test as set forth in *Blockburger* v. *United States*, 284 U.S. 299 (1932). *Id.* The same-elements or *Blockburger* test bars subsequent prosecution when the offenses have identical statutory elements or where one offense is a lesser included offense of the other. *Hall* v. *State*, 315 Ark. 385, 868 S.W.2d 453 (1993). In *Grady* v. *Corbin*, 495 U.S. 508 (1990), the Supreme Court held that in addition to passing the *Blockburger* test, a subsequent prosecution must satisfy a "same-conduct" test to avoid the double jeopardy bar. Under the *Grady* test, a subsequent prosecution was barred "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 510. However, the Supreme Court overruled *Grady* in *United States* v. *Dixon, supra*, and returned to the traditional *Blockburger* test for double jeopardy analysis which provides:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only

one, is whether each provision requires proof of a fact which the other does not.

* * *

[A] single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Craig* v. *State*, 314 Ark. 585, 588, 863 S.W.2d 825, 826 (1993) (quoting *Blockburger* v. *United States*, 284 U.S. 296, 304 (1932)).

Hazardous driving is defined in the Stuttgart municipal ordinance as follows:

Section 1. That any person who drives any vehicle on the streets, alleys or highways within the limits of the City of Stuttgart, Arkansas, in such a manner as to indicate either a negligent or careless disregard for the safety of himself, or other persons or property shall be deemed to be guilty of hazardous driving, and the same is hereby declared to be a misdemeanor.

Ark. Code Ann. § 5-65-103 (Repl. 1993) provides:

(a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.

(b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time there was one-tenth of one percent (0.10%) or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath, or other bodily substance.

In the case at bar, the appellant's manner of driving, which included speeding and driving left of center, violated the hazardous driving ordinance. Additionally, the appellant's act of driving his vehicle while being intoxicated violated § 5-65-103. However, it is clear that these offenses are two separate offenses for the purpose of double jeopardy analysis since each statutory provision requires proof of a fact which the other does not. The

offense of hazardous driving requires proof of the actual driving of a vehicle in a negligent or hazardous manner. This offense does not require a showing of intoxication or a blood alcohol level above the legal limit. Conversely, the offense of DWI requires proof of intoxication or a blood alcohol level of .10 percent or more. To be guilty of DWI, it does not have to be shown that a defendant was *driving* the vehicle or driving the vehicle in a hazardous or negligent manner. In fact, it only requires a showing that the defendant was in actual physical control of the vehicle while intoxicated. *See State* v. *Schaub*, 310 Ark. 76, 832 S.W.2d 843 (1992). Each offense for which the appellant was convicted requires proof of a fact that the other does not and thus they are two separate offenses for the purpose of double jeopardy analysis. Consequently, the appellant was not placed in double jeopardy and the trial court did not err in denying his motion to dismiss.

Affirmed.

ROBBINS and MAYFIELD, JJ., agree.