Leo DARROUGH *v.* STATE of Arkansas

CR 95-590 908 S.W.2d 325

Supreme Court of Arkansas
Opinion delivered October 30, 1995

*McArthur & Finkelstein*, by: *Hugh Finkelstein*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant Leo Darrough was convicted in a bench trial of two counts of possession of cocaine with intent to deliver, one count of simultaneous possession of drugs and firearms, one count of possession of marijuana, one count of possession of a firearm by a felon, and one count of maintaining drug premises. In addition, the trial court also revoked appellant's probation from a prior conviction. We affirm the convictions and the revocation of probation.

## I. Crimes Committed on August 17, 1993

At 11:50 p.m., on the night of August 17, 1993, Little Rock police officers executed a search warrant at 822 Rice Street. Upon entering the house, the officers found appellant Leo Darrough and Alice Plummer lying on a bed. In the same bedroom they saw a bag that contained a large, white, rock-like substance and several smaller pieces of the same substance; several pieces of white, rock-like substance in a small bottle; and several pieces of an off-white, rock-like substance sitting on the dresser. The bedroom was only about ten feet by twelve feet. The officers found a bottle containing pieces of a white substance in one of the bedroom closets. They observed a change purse containing three white, rock-like substances on the dining room floor. All of the

white substances subsequently proved to be of a cocaine base. The police additionally found a plastic packet containing green vegetable matter on the floor of the bedroom and two small plastic packets of green vegetable matter on top of the entertainment center in the bedroom. These substances were later proved to be marijuana. Both closets in the bedroom had men's clothing and shoes.

The police had used a confidential informant to purchase drugs with a marked twenty dollar bill at the residence earlier the same day. The person who sold the drugs to the confidential informant was a female. The police found $3,120.00 in cash sitting on a stereo speaker in the bedroom, and the marked money was included in that cash. The officers also found a loaded Winchester .20 gauge shotgun in the living room. Appellant, a felon, admitted that he owned the shotgun, but said he took it to the house to give to Ms. Plummer for her protection.

Appellant told one officer that the residence formerly belonged to his brother, Thomas Darrough, and that he acquired the house upon his brother's death. He stated that a man had a key to the house and would leave cocaine there and come back later to pick it up. He stated that the cocaine and the large amount of cash found in the house belonged to this man. He thought the man gave money to children for selling drugs. Appellant stated that the man had been coming to his house for approximately six to eight months.

■■ Appellant contends that the State failed to establish that he was in possession of the drugs and shotgun. We have said that in order to convict a defendant on possession of a controlled substance, the State need not prove that the accused had actual possession of the controlled substance. *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982). Constructive possession, which is control or right to control the contraband, is sufficient. *Id.* at 50, 643 S.W.2d at 253. Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Id.*

> Where there is joint occupancy of the premises where contraband is found, some additional factor must be present linking the accused to the contraband. *Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123 (1985). *See Ravellette*

v. *State*, 264 Ark. 344, 571 S.W.2d 433 (1978). In such cases, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband and (2) that the accused knew the matter possessed was contraband.

*Plotts* v. *State*, 297 Ark. 66, 69, 759 S.W.2d 793, 794 (1988).

■ Here, there was substantial evidence that appellant lived in the house and that he and Alice Plummer were in the bedroom of the house at the time of the search. There was a considerable quantity of drugs and a large amount of cash in open view in the bedroom. The cash included a marked twenty dollar bill that had been used to buy drugs at the same address that same day. A loaded shotgun was nearby. We have no hesitancy in holding that these facts constitute substantial evidence that appellant knew of and had control of the contraband, possessed it with the intent to deliver, had simultaneous possession of cocaine and the firearm, and that he was a felon in possession of a firearm.

## II. Crimes Committed on November 2, 1993

On November 2, 1993, Little Rock police officers executed another search warrant at the house at 822 Rice Street and at the adjacent salvage yard. The house was vacant, but the officers found white paper with cocaine residue on the kitchen counter, $309.00 on the bedroom dresser, a test tube with cocaine residue in the kitchen sink, and a razor blade with cocaine residue on the kitchen counter. Officers also found a Waterworks bill for Thomas Darrough.

Detective James King testified that he had seen appellant at the adjacent salvage yard "dozens and dozens of times." Appellant and two other individuals were at the salvage yard when the police arrived. The police found three bottles that contained a residue of cocaine under the wheel well of a truck that was located east of the shop on the salvage yard. The area where the truck was located was not open to the public, but had a fence around it and had to be entered through a garage.

On the west side of a garage at the salvage yard, on the ground, and in plain view, the officers found a container that

contained rocks of crack cocaine. This part of the salvage yard is surrounded by a fence and can be entered only through the garage. Outside the west side of the shop, tucked underneath various items, the police found three more bottles that contained a residue of cocaine. Car parts were strewn all about this area. Detective Dan Chandler testified that he had seen appellant at the salvage yard on numerous occasions and appellant was standing in the open portion of the garage, which was on the south side of the building at the east end, when the police arrived.

Appellant testified that he was at the salvage yard to move his car parts to another location. He testified that he had been evicted in March, and went to the salvage yard every day to move car parts. He testified that the two other individuals who were at the yard were hired that day to help him move the parts.

■ Appellant contends that the State failed to link him to the drugs found in the salvage yard. The question on review is whether there was substantial evidence to support the verdict. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993). Substantial evidence is "evidence that is of sufficient certainty and precision to compel a conclusion one way or another, forcing or inducing the mind to pass beyond a suspicion or conjecture." *Cigainero* v. *State*, 310 Ark. 504, 506, 838 S.W.2d 361, 362 (1992). In determining whether substantial evidence exists, we review the evidence in a light most favorable to the appellee. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990).

■ There was substantial evidence that appellant was at the salvage yard on a daily basis and was the operator of the yard. The parts in the yard belonged to him. Some of the containers with drugs were found in plain view, while others were hidden inside appellant's property. Some of the contraband was found hidden in a truck that belonged to appellant. The immediate area was fenced and not readily accessible to others. The two other individuals who were there when the police arrived were only employed that day. The proof was sufficient to infer that the drugs were constructively possessed by appellant and not by the two individuals who were only at the salvage yard for the day. Thus, there was substantial evidence to sustain appellant's convictions for maintaining drug premises and for possession of cocaine with intent to deliver.

### III. Revocation of Probationary Sentence

On July 13, 1993, appellant pleaded guilty to charges of possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and maintaining a drug premises, and was sentenced to five years on probation. While on probation he committed the multiple crimes discussed in parts I and II of this opinion. Since we affirm the convictions for the multiple crimes that were committed while he was on probation, we necessarily hold that the trial court had sufficient evidence to revoke the probation of sentence. *See Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988).

Affirmed.