Robert HUGHES *v.* STATE of Arkansas

CA CR 00-748 46 S.W.3d 538

Court of Appeals of Arkansas
Division II
Opinion delivered June 6, 2001

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. Appellant was arrested and charged with: 1) possession of a schedule II controlled substance — methamphetamine; 2) manufacture of a schedule II controlled substance — methamphetamine; and 3) possession of drug paraphernalia. He was convicted of possession of methamphetamine, attempted manufacture of methamphetamine, and possession of drug paraphernalia. Appellant's first point on appeal is that the trial court erred in admitting the alleged drug paraphernalia. We disagree and affirm appellant's paraphernalia conviction. Appellant also argues that the trial court erred in allowing the State to amend its information that originally charged manufacture of a controlled substance to attempted manufacture a controlled substance after a directed verdict on the original charge had been entered in his favor. We agree and reverse appellant's conviction of attempted manufacture.

Appellant was arrested after an anonymous call was placed to the Greene County Sheriff's Office, indicating that there were two

suspicious men near a wooded area in Greene County. Appellant and his co-defendant were observed by police leaving a wooded area and getting into a green Geo Metro. The appellant was observed driving the car and the police pulled him over in a driveway near the location where they first entered the vehicle. Both appellant and his co-defendant were asked to produce identification. After appellant presented his identification, the officer determined he had multiple outstanding city warrants and a parole revocation warrant. The vehicle registration indicated the vehicle belonged to Wayne Wilson. Appellant was then arrested by Sheriff Langston.

Sergeant Toby Carpenter arrived at the scene to assist the arresting officer. When Carpenter arrived at the scene, appellant was in the Sheriff's pickup and the co-defendant was standing near the Geo Metro. Prior to the car being towed, Carpenter inventoried the vehicle. The inventory indicated the following items had been recovered from the vehicle: a black garden hose, burnt tinfoil, two bottles of pseudoephedrine, moist coffee filters, and a white substance (later identified as methamphetamine). After taking the co-defendant to jail, Carpenter returned to an area just south of the scene of the arrest. Photographs taken by Carpenter showed a trash bag, which was found partially covered by brush and trees, that contained an altered flashlight, a drain opener, salt, coffee filters, several baggies, a soda bottle lid, a glass measuring cup, and several muddy shoe prints. The area also contained two bottles of anhydrous ammonia, four punched cans of starter fluid, and an HCI generator.

At trial, appellant moved for a directed verdict on all three counts. The trial court denied his motion as to the counts related to possession of a controlled substance and possession of drug paraphernalia, but granted the directed verdict on the manufacture count. After granting the directed verdict on the manufacture, the trial court allowed the State to amend the information to attempted manufacture, over appellant's double-jeopardy objection. Appellant was convicted of: 1) possession of methamphetamine and sentenced to a term of ten years; 2) possession of drug paraphernalia and sentenced to a term of ten years; and 3) attempted manufacture methamphetamine and sentenced to a term of thirty years. All sentences were ordered to run concurrently. Appellant does not challenge his possession-of-methamphetamine conviction on appeal.

*Sufficiency of the Evidence*

On appeal, Hughes's first point heading challenges the admissibility of the evidence in support of possession of drug paraphernalia; however, the actual argument contained in the appeal has elements of a sufficiency of the evidence argument. Additionally, appellant has met the minimum threshold of citing authority or convincing argument in support of the point. The argument section of appellant's brief contains phrases like "no evidence presented"; "the jury had to leap to the conclusion"; "was there any proof"; and "the State failed to prove." Also, the State concedes in its brief that much of the authority appellant cites in his first point of appeal goes to sufficiency of the evidence. While it is true that the appellant's sufficiency of the evidence argument could have been offered in a much more straight-forward manner, the argument was preserved for appeal and will be considered by this court.

 A directed-verdict motion is treated as a challenge to the sufficiency of the evidence and will be considered before all other arguments on appeal. *Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000). When reviewing a denial of a directed verdict, we look at the evidence in the light most favorable to the State, considering only the evidence that supports the judgment or verdict. *Darrough v. State*, 330 Ark. 808, 810, 957 S.W.2d 707, 708 (1997); *Killian v. State*, 60 Ark. App. 127, 128, 959 S.W.2d 432, 433 (1998). We will affirm if there is substantial evidence to support a verdict. *Ryan v. State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990). Evidence is sufficient to support a verdict if it is forceful enough to compel a conclusion one way or another. *Hall v. State*, 315 Ark. 385, 868 S.W.2d 453 (1993). Where the evidence is circumstantial, the appellate court must consider whether the evidence was sufficient to exclude all other reasonable hypotheses. *Carter v. State*, 324 Ark. 395, 398, 921 S.W.2d 924, 925 (1996).

After appellant's arrest, the Geo Metro belonging to Wayne Wilson was inventoried. A black rubber hose with blue residue on one end was found in the "backseat or back portion" of the vehicle.[1] The hose was introduced into evidence over appellant's objection. A piece of burnt aluminum foil was also introduced over appellant's objection. The officer that conducted the inventory of

---

[1] The officer testified that it may have been on the floorboard of the vehicle, but that it was in the back of the vehicle.

the vehicle testified that the tinfoil was beside the passenger's seat, in the console of the vehicle.[2] The testimony indicates that both of these items were in plain view. Also, damp coffee filters containing a "large amount of moist white powder" were found under the driver's seat and were admitted into evidence without objection. The coffee filters and the white powder (subsequently identified as methamphetamine) both smelled strongly of ether. Finally, a bottle of pseudoephedrine was found under the driver's seat. Under the passenger's seat the inventory revealed another bottle of pseudoephedrine and a police scanner.

A report written by Toby Carpenter, regarding what the arresting officer had observed at the time of arrest was introduced into evidence, without a hearsay objection. The report placed appellant in the driver's seat of the vehicle registered to Wayne Wilson. The report, authored by Toby Carpenter, recounted what Sheriff Langston observed when he responded to a call regarding two suspicious men.[3] Specifically, Carpenter's statement said, "Langston asked both subjects for their ID and learned that the driver, Robert Hughes, had multiple warrants . . . ."

No drug paraphernalia was found on the appellant's person at the time of his arrest; therefore, we must consider whether appellant had constructive possession of the various items of drug paraphernalia found in the Geo Metro.

Constructive possession may be imputed when the contraband is found in a place that is either accessible to the defendant and subject to his exclusive dominion and control, or subject to the joint dominion and control by the defendant and another. *Cary v. State*, 259 Ark. 510, 534 S.W.2d 230 (1976). In order to prove constructive possession, the State must establish beyond a reasonable doubt that 1) the defendant exercised care, control, and management over the contraband, and 2) that the accused knew the matter possessed was contraband. *See Fultz v. State*, 333 Ark. 586, 972 S.W.2d 222 (1998); *Darrough v. State*, 322 Ark. 251, 908 S.W.2d 325 (1995). In *Mings v. State*, 318 Ark. 201, 884 S.W.2d 596 (1994) the supreme court outlined a five-part analysis to determine if constructive possession had been established:

---

[2] The officer later testified that the tinfoil was "between the passenger seat and the console."

[3] Interestingly, Langston did not testify at trial. While Carpenter's statement regarding what Langston observed is clearly hearsay, no objection was made by appellant contesting the introduction of this statement below.

It is not necessary for the State to prove literal physical possession of drugs in order to prove possession. *Osborne v. State*, 278 Ark. 45, 643 S.W.2d 251 (1982). Possession of drugs can be proved by constructive possession. *Littlepage v. State*, 314 Ark. 361, 863 S.W.2d 276 (1993). Constructive possession can be implied when the drugs are in the joint control of the accused and another. However, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. There must be some other factor linking the accused to the drugs. *Osborne*, 278 Ark. at 50, 643 S.W.2d at 253. Other factors to be considered in cases involving automobiles occupied by more than one person are: (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Plotts v. State*, 297 Ark. 66, 69, 759 S.W.2d 793, 795 (1988).

In considering if sufficient evidence exists to support a charge of possession of the drug paraphernalia, we first note that appellant was placed in the driver's seat of the vehicle by Carpenter's report. Second, moist coffee filters and the methamphetamine located under the driver's seat were admitted into evidence without objection. Third, a bottle of pseudoephedrine was found under the driver's seat and was admitted into evidence without objection. Fourth, the hose and tinfoil were in plain view and were admitted into evidence and must be considered (even if erroneously admitted) in a sufficiency review. Fifth, Carpenter testified that the car smelled of ether. Sixth, Carpenter testified that the vehicle belonged to a person that was related to appellant. Finally, Carpenter testified that appellant stated his reason for being in the woods was that he would receive "approximately ten grams of meth for helping them cook."

■ Based on this evidence, we conclude that the State offered sufficient evidence to support the charge of possession of drug paraphernalia.

*Admission of Evidence*

Appellant also argues that the evidence, consisting of a black rubber hose and a sheet of burnt tinfoil that was discovered in the

vehicle and introduced, over appellant's objection, is not relevant because no foundation connecting appellant to the vehicle had been laid at the time the information was introduced.

■■ The State correctly cites *Dansby v. State*, 338 Ark. 697, 1 S.W.3d. 403 (1999), for the proposition that a decision whether to admit relevant evidence rests in the sound discretion of the trial court and that decision will not be disturbed absent an abuse of discretion. Additionally, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401.

■ Appellant argues that the trial court erred in allowing the rubber hose and the burnt tinfoil to be introduced because the items were found in a vehicle that did not belong to appellant and there was no evidence introduced *at the time* the questionable items were introduced connecting appellant to the vehicle. While the Carpenter report (which is the only evidence placing appellant in the driver's seat of the Geo Metro) had not been introduced into evidence when the items were offered, the evidence is clearly relevant to the charge of possession of drug paraphernalia, and the State, albeit later in the testimony, did establish a proper foundation for its admission. The trial court's decision to allow the rubber hose and the burnt tinfoil to be introduced into evidence was not an abuse of discretion.

*Double Jeopardy*

The trial court directed a verdict in favor of appellant on the manufacture of a controlled substance (a class Y felony) and then allowed the State to amend the information to attempt to manufacture methamphetamine (a class A felony). The State argues that appellant failed to cite any authority for this portion of his argument and it should not be considered on appeal. In the alternative the State argues that the trial court's action is proper since attempt to manufacture is a lesser-included offense and the original charge was not yet submitted to the jury.

■ Appellant argues on appeal "that when the greater charge of manufacturing was directed by the Court, the charge had gone away." This is in essence a "double-jeopardy" argument. The

proper objections were made below, and the double-jeopardy argument that appellant offered below is included in the abstract. While the State is correct that appellant presents no authority for the proposition that double jeopardy prevents the trial court from allowing the information to be amended after a verdict has been directed, appellant does, however, present convincing argument in support of his position which will allow appellate review. *See Williams v. State*, 325 Ark. 432, 930 S.W.2d 297 (1996).

 We need look no further than *Hanner v. State*, 41 Ark. App. 8, 847 S.W.2d 43 (1993), to dispose of this issue. Hanner was charged with two counts of rape. At trial, following the conclusion of the State's case, Hanner moved for a directed verdict of an acquittal with respect to one of the charges of rape. The trial court granted the motion. The State conceded that the evidence was insufficient to support that charge, but asked that the jury be instructed on first-degree sexual abuse. The court allowed the State to amend the information, over the double-jeopardy objection of Hanner. On appeal, this court held that after a directed-verdict motion is granted "the State bears the burden to demonstrate that it will rely on conduct other than that for which the defendant has already been prosecuted." *Hanner*, 41 Ark. App. at 10, 847 S.W.2d at 44.

 In the case at bar, the State has failed to carry its burden. No new evidence was introduced, no new trial was requested, instead the information was merely amended. Once the trial court entered a directed verdict in favor of appellant on the charge of manufacture of a controlled substance, any new charge, relying on the same evidence, is barred by double jeopardy.

The appellant's possession-of-drug-paraphernalia conviction is affirmed; the appellant's attempted-manufacture conviction is reversed.

Affirmed in part; reversed in part.

GRIFFEN, J., agrees.

ROAF, J., concurs.

ANDREE LAYTON ROAF, Judge, concurring. I concur in the result reached in this case, but do not agree that we should address Hughes's first point on appeal as a sufficiency argument. Hughes's argument on appeal is "that the trial court erred in

allowing the introduction of certain physical evidence that was not directly tied to the appellant." Moreover, Hughes's abstract is not adequate for us to consider a sufficiency argument. However, I concur in the discussion and disposition of the evidentiary aspect of this argument and agree that we should affirm on this point.

SUPPLEMENTAL OPINION ON DENIAL OF
REHEARING

CA CR 00-748 46 SW3d 538

Court of Appeals of Arkansas
Division III
Opinion delivered October 3, 2001

S AM BIRD, Judge, concurring. In *Hughes v. State*, 74 Ark. App. 126, 46 S.W.3d 538 (2001), handed down on June 6, 2001, this court reversed the trial court's grant of leave to the State to amend its information to include a charge of attempt to manufacture a controlled substance. This amendment was subsequent to the trial court's grant of a directed verdict in favor of the defendant on the charge of manufacturing a controlled substance. We reversed on double-jeopardy grounds.

The court relied on *Hanner v. State*, 41 Ark. App. 8, 847 S.W.2d 43 (1993), and held the State to the burden of showing that the new charge would not be proven with the same conduct as the charge on which the trial court granted a directed verdict. *Hughes v. State, supra.* The same-conduct test was articulated by the United States Supreme Court in *Grady v. Corbin*, 495 U.S. 508 (1990). However, in *United States v. Dixon*, 509 U.S. 688 (1993), the United States Supreme Court abandoned the same-conduct test, returning to the *Blockburger* same-elements test as the sole constitutional test for double jeopardy. *Blockburger v. United States*, 284 U.S. 299 (1932). This court has acknowledged the return to *Blockburger* as the sole constitutional test for double jeopardy. *Penn v. State*, 73 Ark. App. 424, 44 S.W.3d 746 (2001); *Beasley v. State*, 47 Ark. App. 92, 885 S.W.2d 906 (1994).

I concur in the denial of the State's petition for rehearing because under either the same-conduct or the same-elements test, the charge of attempt to manufacture a controlled substance would be barred by double jeopardy in this case. However, I write separately to express my belief that the State was held to the wrong burden because of the court's application of the same-conduct test.