Robert Gene HUGHES v. STATE of Arkansas

CR 01-699 66 S.W.3d 645

Supreme Court of Arkansas
Opinion delivered February 21, 2002

*Phillip A. McGough, P.A.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

Donald L. Corbin, Justice. ■ The issue in this case is whether the Double Jeopardy Clause bars conviction of a lesser-included offense following a directed verdict on the greater offense, during the same proceeding. The Arkansas Court of Appeals concluded that such a conviction was barred, and it reversed Appellant Robert Hughes's conviction of attempted manufacture of methamphetamine. *See Hughes v. State*, 74 Ark. App. 126, 46 S.W.3d 538 (2001). The State filed a petition for review of the court of appeals's decision, and we granted it, pursuant to Ark. Sup. Ct. R. 1-2(e). When we grant review following a decision by the court of appeals, we review the case as though it had been originally filed with this court. *See Kennedy v. State*, 344 Ark. 433, 42 S.W.3d 407 (2001); *Miller v. State*, 342 Ark. 213, 27 S.W.3d 427 (2000). We affirm the trial court and reverse the court of appeals.

The record demonstrates that on September 2, 1999, an anonymous telephone call was made to the Greene County Sheriff's Office concerning two suspicious men walking along County Road 912, near a wooded area. In response to the call, Sheriff Dan Langston drove to the area, where he witnessed the two men getting into a green Geo Metro and leaving a residence. When the two men saw the officer, they pulled into another driveway. Langston subsequently identified the two men as Appellant and Steven Corder. Appellant, who was driving the car, had multiple warrants for his arrest, as well as a warrant for a parole revocation. Upon placing Appellant under arrest, Langston called Sergeant Toby Carpenter to the scene to assist in completing an inventory of the car's contents.

Carpenter found the following items of contraband in the car: a police scanner and a bottle of pseudoephedrine tablets, found under the passenger's seat; a piece of burned tinfoil with residue, found beside the passenger's seat; a black rubber hose with blue residue, found in the back floorboard; and two moist coffee filters and a second bottle of pseudoephedrine tablets, found under the driver's seat. Carpenter described the filters as smelling strongly of ether and containing a large amount of white powder, later identified as methamphetamine. Additionally, while transporting Corder to the jail, Carpenter noted a strong odor of ether coming from Corder.

In addition to the items found in the car, the officers recovered remnants of a methamphetamine lab in the woods, near the area where the two men were originally seen. Shoe prints were left near the items found in the woods, and both Appellant and Corder were

wearing muddy shoes and clothing. Upon arriving at the scene, Carpenter again smelled a strong odor of ether. Among the items discovered in the woods were two propane tanks containing anhydrous ammonia; four punched cans of starting fluid; several Zip Loc brand plastic bags; a HCL generator; and a white bag covered by leaves and tree roots. Inside the white bag were coffee filters, drain opener, an altered flashlight, salt, tubing, several baggies, a soda bottle lid with a whole cut out, and a glass measuring cup. When questioned by the officers, Appellant admitted that he and Corder had been in the woods; however, he denied that they had been cooking methamphetamine.

Appellant and Corder were subsequently charged with manufacturing methamphetamine, Class Y felony; possession of methamphetamine, Class C felony; and possession of drug paraphernalia, Class C felony. They were tried together in the Greene County Circuit Court. Both men were convicted of possession of methamphetamine, possession of drug paraphernalia, and attempted manufacture of methamphetamine. Appellant was sentenced to a concurrent term of thirty years' imprisonment. The court of appeals affirmed the two possession charges, but reversed the attempted-manufacture charge on the ground that Appellant's double-jeopardy rights had been violated. *See Hughes*, 74 Ark. App. 126, 46 S.W.3d 538. The State sought review of that decision on the grounds that it was erroneous and that it was based on overruled law. We granted review for the purpose of clarifying the law on double jeopardy.[1]

Appellant argues that the trial court violated his double-jeopardy rights when it allowed the jury to consider the lesser charge of attempted manufacture of methamphetamine after the court had directed a verdict on the greater charge of manufacture of methamphetamine. The record reflects that during the trial, at the close of the prosecution's case-in-chief, Appellant moved for a directed verdict on the manufacturing charge. He argued that the prosecution had failed to prove that he and Corder had possessed all the ingredients necessary to manufacture methamphetamine. After considerable argument between the prosecution and counsel for both

---

[1] Appellant does not seek review of the court of appeals's ruling on the two possession charges. Hence, we need not review that portion of the decision.

defendants, the trial court granted a directed verdict on the manu-
facturing charge. The trial court based its ruling on Sergeant Car-
penter's testimony that two ingredients used to make methamphet-
amine, lithium strips and denatured alcohol, were not found in the
car or in the woods.

Immediately thereafter, the deputy prosecutor asked the trial
court to allow him to amend the information to charge the defend-
ants with the lesser-included offense of attempted manufacture of
methamphetamine. Another lengthy discussion between the parties
ensued. Appellant's counsel argued that submitting the lesser-
included offense after the court had directed a verdict on the greater
offense would violate double jeopardy. The prosecution, on the
other hand, contended that Arkansas law allows the state the right
to amend the information to conform to the proof, so long as it is
done prior to the case going to the jury and without prejudice to
the defendants. The prosecution also argued that submitting a
lesser-included offense to the jury after dismissal of the greater was
not barred by double jeopardy. Otherwise, the prosecution argued,
a jury could never consider lesser-included offenses, because to do
so, it must first acquit the defendant of the greater offense. The trial
court granted the prosecution's motion to amend. The defense then
rested, without presenting any evidence. Appellant argues that the
trial court's ruling was an acquittal and that submission of the lesser-
included offense violated his double-jeopardy rights. We disagree.

■ The Fifth Amendment to the United States Constitution
provides that no person shall be twice put in jeopardy of life or limb
for the same offense. Similarly, Article 2, § 8, of the Arkansas
Constitution provides that no person shall be twice put in jeopardy
of life or liberty for the same offense. The Double Jeopardy Clauses
of these constitutions protect criminal defendants from (1) a second
prosecution for the same offense after acquittal, (2) a second prose-
cution for the same offense after conviction, and (3) multiple pun-
ishments for the same offense. *Wilcox v. State*, 342 Ark. 388, 39
S.W.3d 434 (2000) (citing *North Carolina v. Pearce*, 395 U.S. 711
(1969)). It is the first protection that is at issue here.

■ ■ Our General Assembly has reiterated this protection in
two statutory provisions: Ark. Code Ann. § 5-1-112 (Repl. 1997),
and Ark. Code Ann. § 16-85-712 (1987). Section 5-1-112(1) pro-
vides that a former prosecution is an affirmative defense to a subse-
quent prosecution for the same offense where the former prosecu-
tion resulted in an acquittal. Similarly, section 16-85-712(a)
provides in part that an "acquittal by a judgment on a verdict" shall

bar another prosecution for the same offense. For purposes of double jeopardy, whether two offenses are the "same offense" depends on whether each statutory provision requires proof of a fact that the other does not. *See Craig v. State*, 314 Ark. 585, 863 S.W.2d 825 (1993) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). Under this test, a greater offense and its lesser-included offenses are the same offense. Similarly, an offense and its attempt are considered the same offense for purposes of double jeopardy. *See* Ark. Code Ann. § 5-1-110(a)(2) (Repl. 1997).

██ Appellant argues that when the trial court granted his motion for directed verdict on the charge of manufacture of methamphetamine, he was acquitted of that charge and any lesser-included offenses. Thus, the first question we must answer is whether the directed verdict in this case was an acquittal. "[A] decision that the evidence is legally insufficient to sustain a guilty verdict constitutes an acquittal for purposes of the Double Jeopardy Clause." *Brooks v. State*, 308 Ark. 660, 666, 827 S.W.2d 119, 122 (1992) (citing *Smalis v. Pennsylvania*, 476 U.S. 140 (1986); *Sanabria v. United States*, 437 U.S. 54 (1978); *Burks v. United States*, 437 U.S. 1 (1978); *United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977)). The same is true even if the trial court's decision is based on a mistaken belief or an erroneous evidentiary conclusion. *Id.* The Supreme Court has described a judgment of acquittal as "a jury verdict of not guilty" or "a ruling by the court that the evidence is insufficient to convict[.]" *United States v. Scott*, 437 U.S. 82, 91 (1978). Similarly, section 5-1-112(1) provides in part: "There is an acquittal if the prosecution resulted in a determination of not guilty." Thus, to be an acquittal, "the trial court's judgment must be one that indicates that the government's factual case has failed" as to the statutory elements of the offense charged. *State v. Zawodniak*, 329 Ark. 179, 185, 946 S.W.2d 936, 939 (1997), *cert. denied*, 522 U.S. 1125 (1998) (citing *Scott*, 437 U.S. 82).

██ Under these definitions, the directed verdict in Appellant's case was an acquittal of the charge of manufacture of methamphetamine, as it was based on the trial court's conclusion that the prosecution had failed to make a *prima facie* case on that charge.[2] As such, the Double Jeopardy Clause would bar a subsequent prosecution of Appellant for the offense charged and any lesser-included

---

[2] The prosecution argued below that the trial court was wrong in its conclusion that the evidence was insufficient because it failed to demonstrate that all the ingredients necessary to the manufacturing process were present. We do not reach this issue, however, as the State has not challenged the trial court's ruling on appeal.

offenses. The question, then, is whether the submission of the lesser-included offense to the same jury constitutes a subsequent prosecution that would be barred by the Double Jeopardy Clause. We believe that it does not.

This court addressed this issue in *Lampkin v. State*, 271 Ark. 147, 607 S.W.2d 397 (1980). There, the defendant was charged with first-degree murder. While it is not clear from the opinion whether Lampkin was charged with any other offenses, we interpret that case as having only one offense charged in the information. At the close of the state's case, the trial court directed a verdict of acquittal on the charge of first-degree murder, but allowed the trial to continue on the lesser-included offenses of second-degree murder, manslaughter, and negligent homicide. The jury found Lampkin guilty of second-degree murder and sentenced him to ten years' imprisonment. On appeal, Lampkin argued that he had been placed in double jeopardy. This court disagreed. Relying on the Supreme Court's holding in *Pearce*, 395 U.S. 711, this court held that Lampkin's conviction did not offend any of the guarantees of the Double Jeopardy Clause. This court reasoned: "There was only one trial and one conviction. Therefore, the appellant has not been placed in jeopardy twice for the same offense nor sentenced to more than one punishment." *Id.* at 149, 607 S.W.2d at 398.

The Illinois Supreme Court faced a similar issue in *People v. Knaff*, 196 Ill.2d 460, 752 N.E.2d 1123 (2001). There, the defendant was charged with delivery of a controlled substance within 1,000 feet of public housing and the lesser-included charge of delivery of a controlled substance. Prior to jury selection, the state moved to dismiss, as a separate offense, the simple delivery. However, the state informed the court that in the event the evidence failed to prove the enhanced-location element, it would seek an instruction on the lesser-included charge. The trial court granted the state's motion. At some point during the trial, the state became aware that its key witness was wavering as to where the delivery took place. The state then moved to amend the indictment to reinstate the lesser charge. The trial court denied the motion, but indicated that it would later decide whether the jury could be instructed on the lesser-included offense. At the close of the state's case, the defendant moved for a directed verdict on the greater offense. The trial court took the matter under advisement. Following a recess, the state moved again to amend the indictment. The defendant objected on the ground that the state had already chosen to dismiss the lesser charge. The trial court found that while the evidence was insufficient to prove that the delivery occurred within

1,000 feet of public housing, the state had made a *prima facie* case of simple delivery. The defendant was convicted of the lesser charge.

The Illinois Court of Appeals affirmed Knaff's convictions. The Illinois Supreme Court granted review of the decision and also affirmed. After considering the purposes behind the Double Jeopardy Clause, the court held that the rules that had been effectuated to achieve those purposes "should not be applied mechanically when the interests they protect are not endangered and when their mechanical application would frustrate society's interest in enforcing its criminal laws." *Id.* at 468-69, 752 N.E.2d at 1128 (citing *People v. Deems*, 81 Ill.2d 384, 410 N.E.2d 8 (1980), *cert. denied*, 450 U.S. 925 (1981)). Relying on the Supreme Court's holding in *Lee v. United States*, 432 U.S. 23, 30 (1977), the Illinois court held that the "critical question" in this case was whether the trial court's ruling, dismissing the greater offense, "contemplated an end to all prosecution of the defendant for the offense charged." *Knaff*, 196 Ill.2d at 469, 752 N.E.2d at 1129. Answering that question in the negative, the court held:

> Assuming for the sake of argument that the defendant is correct in his assertion that the trial court's finding with respect to the insufficiency of the evidence amounted to an acquittal in this case of the greater charge, *it does not follow that the defendant was thereby acquitted of the lesser charges.* In fact, the exact opposite was intended by the trial court's ruling. Here, the trial court found that the State had made out a *prima facie* case with respect to the lesser charges.

*Id.* at 470, 752 N.E.2d at 1129 (emphasis added).

The Illinois Supreme Court recognized that the situation in Knaff's trial was no different from that where the trial court must instruct on lesser-included offenses, even when no request is made by the defendant. The court reasoned that "it would be illogical not to allow a trial judge presiding over a jury trial to ultimately submit a lesser-included offense to the jury under the present circumstances." *Id.* at 473, 752 N.E.2d at 1131. The court also compared Knaff's situation to one where an appellate court, on review, concludes that the proof is insufficient to sustain conviction on the greater offense, but reduces the conviction to a lesser-included offense. The court further held that it was unnecessary for the state to amend the indictment, because the lesser-included offense is implicitly charged with the greater offense. Finally, the court emphasized that the Double Jeopardy Clause was not violated

because both charges were prosecuted in a single prosecution. We agree with this conclusion.

■■ The Double Jeopardy Clause is primarily directed at the threat of multiple prosecutions. *See Martin Linen Supply Co.*, 430 U.S. 564 (citing *United States v. Wilson*, 420 U.S. 332 (1975)). Thus, the controlling constitutional principle focuses on the prohibition against multiple trials. *Id.* The reasoning behind this controlling principle has been consistently stated by the Court:

> At the heart of this policy is the concern that permitting the sovereign freely to subject the citizen to a second trial for the same offense would arm Government with a potent instrument of oppression. The Clause, therefore, guarantees that the State shall not be permitted to make repeated attempts to convict the accused, "thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity as well as enhancing the possibility that even though innocent he may be found guilty." "[S]ociety's awareness of the heavy personal strain which a criminal trial represents for the individual defendant is manifested in the willingness to limit the Government to a single criminal proceeding to vindicate its very vital interest in enforcement of criminal laws."

*Id.* at 569 (footnote omitted) (quoting *Green v. United States*, 355 U.S. 184, 187-88 (1957); *United States v. Jorn*, 400 U.S. 470, 479 (1971) (Harlan, J.)). Stated another way, "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Burks*, 437 U.S. at 11 (footnote omitted).

■■■ Based on the foregoing holdings, we conclude that the Double Jeopardy Clause is not offended in situations where the trial court concludes that there is insufficient proof of the greater offense charged, but finds that the prosecution has made a *prima facie* case on a lesser-included offense. Such a ruling, though technically an "acquittal" of the greater offense, does not implicate the Double Jeopardy Clause and its protections. Continuing a defendant's trial on a lesser-included offense under these circumstances is not the sort of governmental oppression that was meant to be curtailed by our constitutions. This situation is no different from the analysis that the jury must undertake any time lesser-included offenses are submitted. Before it may consider any lesser-included offense, the jury must first determine that the proof is insufficient to convict on the

greater offense. Thus, the jury must, in essence, acquit the defendant of the greater offense before considering his or her guilt on the lesser-included offense. The fact that the trial court made the initial determination in this case does not offend the Double Jeopardy Clause any more than if the jury had made it.

 Moreover, we agree with the Illinois Supreme Court that charging the greater offense in the indictment or information necessarily charges any lesser-included offenses. The state is not required to charge in an information all possible lesser-included offenses before those offenses may be submitted to the jury. Once the greater charge has been filed, the lesser-included charges are implicitly filed. Indeed, the Official Commentary to section 5-1-110(b) provides: "Its primary purpose is to authorize conviction of offenses not expressly named in the indictment or information[.]" (Citation omitted.) Thus, it was not necessary for the prosecution to amend the information in this case. The trial court is required to instruct on lesser-included offenses, whether charged or not, where there is a rational basis for acquitting on the greater offense and convicting on the lesser. *See* section 5-1-110(c); *Ellis v. State*, 345 Ark. 415, 47 S.W.3d 259 (2001); *Harshaw v. State*, 344 Ark. 129, 39 S.W.3d 753 (2001).

 Here, Appellant was charged with the offense of manufacture of methamphetamine, Class Y felony. That offense includes the lesser charge of attempted manufacture of methamphetamine, Class A felony. *See* section 5-1-110(b)(2). When the trial court granted a directed verdict on the manufacture charge, it was only an acquittal of that charge, based on the trial court's belief that the prosecution had not sufficiently demonstrated that the offense had been completed. From the trial court's view, the prosecution's case had failed only to the extent that it had not demonstrated a completed crime. Thus, the trial court's ruling did not contemplate an end to all prosecution for the offense charged. Accordingly, under the facts of this case, Appellant was not twice put in jeopardy for the same offense. We thus affirm the judgment of conviction.

 As a final point, we must address the State's assertion that the case relied on by the court of appeals, *Hanner v. State*, 41 Ark. App. 8, 847 S.W.2d 43 (1993), is no longer valid precedent. In *Hanner*, the defendant was charged with two counts of rape. The trial court granted a directed verdict on one of the rape counts, but allowed the state to amend its information to charge the defendant

with first-degree sexual abuse. The trial court allowed the amendment despite its ruling that first-degree sexual abuse is not a lesser-included offense of rape.[3] The court of appeals reversed on the ground that, in order to prove the amended offense of first-degree sexual abuse, the state would be relying on the same conduct for which the defendant had already been prosecuted on the counts of rape. In so holding, the court of appeals relied on the case of *Grady v. Corbin*, 495 U.S. 508 (1990), and this court's interpretation of *Grady* in *State v. Thornton*, 306 Ark. 402, 815 S.W.2d 386 (1991). *Grady* was subsequently overruled by the Supreme Court in *United States v. Dixon*, 509 U.S. 688 (1993). *Dixon* abandoned the "same conduct" test established in *Grady* and retreated to the "same elements" test established in *Blockburger*, 284 U.S. 299. Thus, to the extent that Hanner relied on the "same conduct" test for determining whether double jeopardy had been violated, it has been overruled.

Circuit court affirmed; court of appeals reversed.

---

[3] Depending on the particular subsection alleged for first-degree sexual abuse, as provided in Ark. Code Ann. § 5-14-108 (Repl. 1997), it may or may not be a lesser-included offense of rape. *See Weber v. State*, 326 Ark. 564, 933 S.W.2d 370 (1996).