Douglas Edward WILSON *v.* STATE of Arkansas

CA CR 03-1067 196 S.W.3d 511

Court of Appeals of Arkansas
Opinion delivered October 27, 2004

*James Law Firm,* by: *William O. James, Jr.,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant was charged with attempt to manufacture methamphetamine and possession of drug paraphernalia with intent to manufacture methamphetamine. After a jury trial, appellant was convicted of those offenses and sentenced to fifteen years in the Arkansas Department of Correction. On appeal, appellant argues that the trial court erred in denying his motion for a directed verdict; in denying his motion to suppress evidence seized pursuant to a warrant that, appellant asserts, did not authorize the nighttime search and was not supported by probable cause; in denying his motion to dismiss for lack of a speedy trial; and in denying his motion to dismiss counsel. We affirm.

We first address appellant's argument that the trial court erred in denying his motion for a directed verdict. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Fields v. State,* 349 Ark. 122, 76 S.W.3d 868 (2002). In reviewing a challenge to the sufficiency of the evidence, we will not second-guess credibility determinations made by the fact-finder. *Stone v. State,* 348 Ark. 661, 74 S.W.3d 591 (2002). Instead, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm the conviction if there is substantial evidence to support it. *Hughes v. State,* 74 Ark. App. 126, 46 S.W.3d 538 (2001). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty, without resorting to speculation or conjecture. *Crutchfield v. State,* 306 Ark. 97, 812 S.W.2d 459 (1991).

Appellant's conviction was based on an accomplice's testimony that he and appellant were engaged in manufacturing methamphetamine. The accomplice testified that he and appellant had an agreement to manufacture methamphetamine for sale and to split the proceeds. The accomplice stated that he did all the cooking, and that the appellant helped him acquire the ingredients and stood watch on the road during the manufacturing process to make sure no one came up. The accomplice's testimony was

corroborated by the presence of numerous precursor products and substances found in the search of appellant's house, including a cellophane wrapper containing pseudoephedrine, a syringe, a glass pie plate, a glass coffee pot, a glass jar containing pseudoephedrine, a spoon, coffee filters containing residue, a spoon with pseudoephedrine residue, a clear drinking glass with coffee filters, a plastic sandwich bag with talc powder, and a green-and-black compressed gas cylinder containing ammonia.

■■ On appeal, appellant argues that this evidence is insufficient because the accomplice's testimony was not credible. We do not agree. In a similar context where it was argued that an accomplice's testimony given in exchange for leniency was not substantial evidence, we applied the longstanding rule that the determination of credibility issues is left to the trier of fact. *Johnson v. State*, 75 Ark. App. 81, 55 S.W.3d 298 (2001). The credibility of the accomplice in the present case was likewise a question for the trier of fact to resolve, and we hold that appellant's conviction is supported by substantial evidence.

■ We next address appellant's contention that the evidence obtained in the search of his house should be suppressed because the warrant did not authorize a nighttime search. Rule 13.2(c) of the Arkansas Rules of Criminal Procedure requires that a search warrant be executed between the hours of 6:00 a.m. and 8:00 p.m. unless the warrant authorizes a nighttime search. The officers' application for a search warrant in this case specifically sought a nighttime warrant. The search warrant was executed at 8:46 p.m. The warrant provided, in pertinent part, that:

> [A]s I am satisfied that there is probable cause to believe that the property so described is being concealed at the above described and that the foregoing grounds for application for issuance of a night time search warrant exists [sic].

> COMMANDED; to search forthwith the (person) (place) (vehicle) named for the party specified, serving this warrant and making the search and if the property be found there to seize it, and prepare a written inventory of the property seized and return this warrant and bring the property as required by law.

The warrant was not a form with filled-in blanks or checked items, but was an individually-prepared document.

██ In *Carpenter v. State*, 36 Ark. App. 211, 821 S.W.2d 51 (1991), we held that a printed-form search warrant checking only the box indicating that there was reasonable cause to believe that the objects to be seized were in danger of imminent removal, but not the box authorizing a nighttime search, was insufficient either to authorize a nighttime search or to justify application of the good-faith exception in *Leon v. State*, 468 U.S. 897 (1984). The present case is distinguishable. Here, the affidavit stated facts tending to support an order authorizing the request to conduct the search at night, including statements that the house was equipped with cameras to detect the approach of police officers; that the house contained weapons, including a sawed-off shotgun; and that most of the drug manufacturing took place at night. Although the language of the warrant could have been plainer, the warrant was not a form conspicuously lacking a check mark authorizing a nighttime search, but was instead an individually-prepared document expressly stating that (1) a warrant for a nighttime search had been applied for; (2) grounds for a nighttime search existed; and (3) commanding that the search be conducted. Even assuming, without deciding, that this language was insufficient to constitute an unambiguous command to execute a nighttime search, we think that it was sufficient to justify the executing officers in the good-faith belief that they were authorized to do so. *See Leon v. State, supra.*

██ Appellant next contends that the trial court erred in issuing a search warrant at all. He argues that the affidavit in support of the warrant was insufficient to establish probable cause to believe that contraband would be found at appellant's home because the affidavit lacked specific dates and was otherwise conclusory.[1] We disagree. Probable cause cannot be quantified merely by counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit; instead, time factors must be examined within the context of a specific case and the nature of the crime being investigated. *Ilo v. State*, 350 Ark. 138, 85 S.W.3d 542 (2002). Although it is reasonable to imply that

---

[1] Appellant's argument regarding probable cause is limited to these specific points. He does not challenge, and consequently we need not decide, whether the many other facts stated in the affidavit were sufficient to justify the trial court's separate finding that adequate grounds existed for conducting the search at night, rather than only in daylight hours.

probable cause dwindles rather quickly with the passage of time in cases where the affidavit recites a mere isolated violation, the passage of time becomes less significant where the affidavit recites facts indicating activity of a protracted and continuous nature, *i.e.*, a course of conduct. *Id.* Here, the affidavit stated that a member of appellant's family informed police officers that appellant was manufacturing methamphetamine at his home on a *regular basis*, and that this was reiterated on December 12, 2000, immediately before the warrant was issued. The affidavit also stated that the family member informed the affiant that materials used in the manufacture of methamphetamine were located on the appellant's premises at that time. Under these circumstances, we cannot say that probable cause was lacking.

Resolution of appellant's issues relating to speedy trial and the motion to dismiss counsel requires consideration of facts arising out of a pretrial hearing, where the following colloquy took place:

> THE COURT: Now then, let's talk about the trial then. Is this matter one that can be tried in a day?
>
> [PROSECUTOR]: Yes.
>
> THE COURT: Okay, then let's try it on Thursday.
>
> MR. WILSON [APPELLANT]: You Honor —
>
>> THE COURT: Mr. Wilson, we've discussed before that you have counsel and that your counsel can present matters to the court, that you do not communicate to the court but through your counsel.
>
> [APPELLANT]: You Honor, my counsel will not make —
>
> THE COURT: Mr. Wilson —
>
> [APPELLANT]: — you aware of something that's in the transcript where Mr. Rich lied on the stand in the probable cause hearing and it's real relevant to the affidavit for the search warrant and —
>
> THE COURT: Mr. Wilson, we're going to — I'm going to give you the last time I'm going to talk to you about this.

[APPELLANT]: You honor, I have to defend myself.

THE COURT: No, sir, you have —

[APPELLANT]: If he won't defend me I have to defend myself.

THE COURT: Take Mr. Wilson to jail.

[APPELLANT]: So I'm relieving him as my counsel —

THE COURT: Take Mr. Wilson to jail —

[APPELLANT]: — right now.

THE COURT: — right now. I don't need his presence in this hearing anymore.

[APPELLANT]: Okay, but if you're not going to hear my motion —

THE COURT: Take Mr. Wilson to the jail.

[APPELLANT]: — then I can't —

THE COURT: I will continue to make my record outside of Mr. Wilson's presence. Take him to the jail right now.

[APPELLANT]: Mr. Blair, you are no longer my lawyer.

THE COURT: Take Mr. Wilson to the jail.

[APPELLANT]: Have a trial without me.

After appellant had been taken to jail, appellant's attorney requested that appellant be allowed to represent himself. The trial court denied this request, noting that appellant's behavior throughout the pretrial proceedings had been so disruptive as to cast doubt on appellant's capacity to present his own defense before a jury. Appellant's attorney then requested that a mental examination of appellant be conducted to determine whether he was capable even of assisting in his own defense. The trial court granted the motion over the State's objection.

 Under Ark. R. Crim. P. 28.1, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Ark. R. Crim. P. 28.3. *Gondolfi v. Clinger*, 352 Ark. 156, 98 S.W.3d 812 (2003). A continuance that is requested by the defendant is an excludable period for speedy-

trial purposes. *Moody v. Arkansas County*, 350 Ark. 176, 85 S.W.3d 534 (2002). In the present case, the only disputed excluded period was the period attributable to the request for a mental examination made by appellant's court-appointed attorney after appellant purported to dismiss him immediately before being removed from the courtroom. Therefore, the speedy-trial question hinges on whether the trial court erred in denying appellant's motion to dismiss his trial counsel. We hold that he did not.

Although the trial court granted the motion for a mental examination, the appellant refused to cooperate with the psychologist for "legal reasons" and was never evaluated. Nevertheless, we do not agree with appellant's assertion that the trial court should have allowed him to dismiss his attorney and proceed *pro se*. The disruptive behavior described in the above-quoted colloquy was not an isolated event, nor was it limited to a single hearing. Our examination of the record reveals that, although the two trial judges involved showed an extraordinary degree of patience and forbearance, appellant's demeanor before the court was characterized by consistent disrespect and disruption, interspersed with numerous motions to dismiss his attorney that were later rescinded. The constitutional right to counsel is a shield, not a sword, and a defendant may not manipulate this right for the purpose of delaying the trial or playing "cat-and-mouse" with the court. *Brooks v. State*, 36 Ark. App. 40, 819 S.W.2d 288 (1991). The right to counsel of one's choice is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Burns v. State*, 300 Ark. 469, 780 S.W.2d 23 (1989). Once competent counsel is obtained, the request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice. *Id*. There is no indication that appellant's court-appointed counsel was not competent, and, on this record, we hold that the trial court did not err in denying appellant's motion to dismiss counsel and that appellant was not denied his right to a speedy trial.

Affirmed.

GLADWIN and NEAL, JJ., agree.