The Honorable Rick Green State Representative
1807 Bunker Hill Drive Van Buren, Arkansas 72956-2836
Dear Representative Green:
I am writing in response to your request for an opinion regardingAct 181 of 2009, which is codified at A.C.A. §§ 27-51-1501 to 27-51-1506 (Supp. 2009). You ask the following:
 Specifically, I would like to know if a driver sitting in a parked car could be cited as violating Act 181. After some conversations with local law enforcement, I am concerned that this act could be applied in this manner. The police with whom I spoke contend that under Arkansas's DWI law an individual may be charged with DWI if they are found to be intoxicated and behind the wheel of a vehicle even if it is parked and the engine is not running. They further contend that Act 181 should be interpreted in a similar manner.
 I do not believe that the legislature intended this act to be applied in such a manner, and I would like to know how the law is likely to be interpreted so it may be modified by the legislature to fulfill its original intent if necessary.
RESPONSE
Reading your question in full, it appears you are asking whether a person violates Act 181 of 2009 if the person is engaged in text messaging or accessing the Internet while sitting in a parked car with the engine turned off. In my opinion,Act 181 of 2009 probably does not prohibit such conduct. *Page 2 
DISCUSSION
The General Assembly expressly stated its purpose behind Act 181, which Act is known as Paul's Law: "The purpose of this subchapter is to . . . improve the safety of the roads forall drivers and passengers by prohibiting a driver of a motor vehicle from engaging in text messaging . . . [and to] [p]revent accidents caused by the distractive practice of text messaging while operating a motor vehicle." A.C.A. § 27-51-1502(1)-(2) (emphasis added.) The statute goes on to state the general rule that text messaging while driving is prohibited: "[A] driver of a motor vehicle shall not use a handheld wireless telephone for wireless interactive communicationwhile operating a motor vehicle" except that "a driver of a motor vehicle may use a handheld wireless telephone" in an emergency. A.C.A. § 27-51-1504(a)-(b)(1) (emphasis added). The phrase "wireless interactive communication" means "typing, text messaging, emailing, or accessing information on the Internet with a handheld wireless telephone." A.C.A. § 27-51-1503(3).
The italicized words above — "roads," "driver," and "while operating a motor vehicle" — indicate that the General Assembly intended to prohibit "wireless interactive communication" while actually driving a car, not merely sitting in a car with its engine turned off. The text repeatedly uses the term "driver," which is commonly defined as "a person who steers and propels a vehicle."Black's Law Dictionary
533 (Bryan A. Garner ed., 8th ed., West 2004).
Whether a violation has occurred in any particular instance will, of course, be a question of fact that is highly dependant on the surrounding circumstances. In general, however, I believe it is clear that a person sitting in a vehicle with its engine turned off does not fit the common definition of "driver." In my opinion, to violate the statute, a person must be driving the vehicle while engaging in conduct that qualifies as "wireless interactive communication."
As you indicate, one might argue that Paul's Law should be interpreted in light of the jurisprudence surrounding Arkansas's DWI statute, which statute can be found at A.C.A. § 5-65-103 (Repl. 2005). The two sets of statutes do have the common purpose of removing impediments to sound driving. Nevertheless, in my opinion, a court is not likely to interpret Paul's Law in light of DWI law. The textual differences between the two statutes indicate that the DWI law was meant to proscribe a broader scope of conduct than that proscribed by Paul's Law. The *Page 3 
DWI law makes it illegal for any person with a certain blood alcohol content to "operate or be in actual physical control of a motor vehicle. . . ." A.C.A. § 5-65-103(b). The Arkansas appellate courts have interpreted the latter phrase several times to mean that one can "operate or be in actual physical control" of a vehicle even though one is not driving it. E.g., Beasley v. State, 47 Ark. app. 92, 885 S.W.2d 906 (1994).
In my opinion, the differences in the texts of these laws make it unlikely that a court would interpret Paul's Law in a similar manner to the DWI law. The phrases used in Paul's Law — "roads," "driver," and "while operating a motor vehicle" — are more narrow terms than those found in the DWI law. As noted above, a "driver" is someone actually steering and propelling a vehicle. While DWI law certainly encompasses someone who — with the sufficiently high blood alcohol content — steers and propels a vehicle, DWI law also goes beyond that set of people. As a result, I believe it is unlikely that a court would use DWI jurisprudence as an analogous interpretive aid when applying Paul's Law.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh *Page 1