

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–672

DeMARLON M. COAKES

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered May 14, 2014

APPEAL FROM THE ARKANSAS
COUNTY CIRCUIT COURT,
NORTHERN DISTRICT
[NO. CR–2011–237]

HONORABLE DAVID G. HENRY,
JUDGE

AFFIRMED

## JOHN MAUZY PITTMAN, Judge

After a jury trial at which he represented himself, appellant was found guilty of aggravated assault, battery in the first degree of a law enforcement officer, and fleeing in a vehicle causing danger, for which he was sentenced to terms of imprisonment of two, ten, and four years, respectively. His sole argument on appeal is that he did not knowingly and intelligently waive his right to counsel. We affirm.

A criminal defendant has a right to be represented by counsel pursuant to the Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment. Counsel is intended to be "an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally." *Faretta v. California*, 422 U.S. 806, 820 (1975). The right of a criminal defendant to represent himself and to make his own defense personally is therefore implicit in the Sixth

SLIP OPINION

Amendment right to counsel. *Id.* A defendant need not possess the knowledge or skills of an attorney in order to represent himself, but a defendant who chooses to do so cannot thereafter complain that the quality of his own defense was such as to amount to a denial of effective assistance of counsel. *Id.* Therefore, before a defendant may make a knowing and intelligent waiver of his right to counsel, he must be made aware of the dangers and disadvantages of self-representation so that the record will establish that he knew what he was doing and that the decision to decline representation was made with his eyes open. *Id.* What is required is that the defendant have full warning or adequate knowledge concerning his rights and a clear intent to relinquish them. *Richard v. State*, 2012 Ark. App. 468.

Determining whether an intelligent waiver of the right to counsel has been made depends on the particular facts and circumstances of each case, including the background, experience, and conduct of the accused. *Id.* However, every reasonable presumption will be indulged against the waiver of such fundamental constitutional rights, and the trial court bears a weighty responsibility in determining whether an accused has knowingly and intelligently waived his right to counsel. *Id.* On appeal, the burden is on the State to show that an accused voluntarily and intelligently waived his fundamental right to the assistance of counsel, either by reference to a specific warning of the dangers and disadvantages of self-representation or by a record showing that the defendant possessed such required knowledge from other sources. *Id.*

Appellant argues that he did not make a knowing and intelligent waiver of his right to counsel because his request to proceed pro se was equivocal; because the trial judge did not

conduct an inquiry as to whether he was able to pay for private representation; because appellant's background, education, and actions prior to trial demonstrate that the waiver of his right to counsel was not knowingly and intelligently made; and because the participation of standby counsel at trial was not substantial.

Upon review of the totality of the circumstances, we cannot say that appellant's request to proceed pro se was equivocal. Throughout the course of the pretrial proceedings, the trial judge expressed his concern as to whether appellant was represented by counsel. Although appellant stated initially that his family would hire an attorney to represent him, the trial court appointed a public defender to represent appellant when he appeared at a hearing one week later without counsel. Because appellant was able to post a $150,000 bond and had not completed an affidavit of indigency, the trial court subsequently granted the public defender's request to be relieved as counsel, and trial was set for July 24, 2012. Appellant appeared for trial without counsel on the trial date and requested a continuance because he had not received discovery. When the trial court asked whether he was represented by counsel, appellant said that he was not represented, that he was not ready for trial, and that he wanted to receive the discovery himself so that he could decide whether he wanted to represent himself in court. After asking appellant questions concerning his assets and ability to pay for representation, the trial judge granted appellant a continuance to allow him to decide whether he wanted to proceed pro se, reset trial for August 28, informed appellant that a timely request that counsel be appointed would be granted if made at a reasonable time before the trial date, and cautioned appellant that he must either have an attorney on that date or be prepared to

SLIP OPINION

proceed pro se. On August 28, appellant appeared for trial and, in response to the trial court's query, stated positively that he was going to represent himself and did not need an attorney. The trial court explained the charges faced by appellant, the possible penalties, and detailed the many ways in which it would be a grave error for appellant to attempt to represent himself opposite a prosecuting attorney who had tried hundreds of cases, impressing upon him that self-representation rarely turned out well for a defendant and would place him at a severe disadvantage. Appellant stated that he understood the disadvantages of self-representation and the great advantage of exercising his right to be represented by counsel, stated that he understood the risk he was taking, and fairly insisted upon proceeding pro se. There was no equivocation.

Nor do we agree that the trial court failed to conduct an adequate inquiry into appellant's ability to pay for private representation. To the contrary, the trial court questioned appellant on July 24 regarding his ability to pay, and established that appellant had no assets or appreciable income. The record shows that appellant was aware that an attorney would be provided for him free of charge, and that a standby attorney was in fact appointed over appellant's objection.

Next, we cannot agree that appellant's background, education, and actions prior to trial demonstrate that the waiver of his right to counsel was not knowingly and intelligently made. Appellant stated that he had obtained a GED, could read and write fluently, and possessed no mental deficiencies. Although appellant displayed a skewed understanding of the law and employed unusual phrases such as "All Rights Reserved," our review of the record shows

4

appellant to be of at least average intelligence, aware, lucid, and rational despite his unwise decision to represent himself at trial. Finally, the limited role played by standby counsel is irrelevant because we hold that the trial court did not err in finding that appellant made a knowing and intelligent waiver of his right to counsel. *See Hatfield v. State*, 346 Ark. 319, 57 S.W.3d 696 (2001).[1]

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Flinn Law Firm, P.A.*, by: *Jennifer Williams Flinn*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.

---

[1] We note that, even in the absence of a voluntary and intelligent waiver of the right to counsel, the right to counsel may be forfeited by a defendant who engages in conduct that prevents a fair and orderly exposition of the issues. *Beyer v. State*, 331 Ark. 197, 962 S.W.2d 751 (1998). The right to counsel of one's choice is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Burns v. State*, 300 Ark. 469, 780 S.W.2d 23 (1989). Once competent counsel is obtained, the request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice. *Id.* The constitutional right to counsel is a shield, not a sword, and a defendant may not manipulate this right for the purpose of delaying trial or playing "cat-and-mouse" with the court. *Wilson v. State*, 88 Ark. App. 158, 196 S.W.3d 511 (2004).